*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-248

MARCH TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | District Court of Vermont, |
| | } | Unit No. 2, Bennington Circuit |
| | } | |
| Richard Harrington | } | DOCKET NO. 1127-10-09 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the civil suspension of his driver's license and his criminal conviction for driving while intoxicated (DWI), arguing that the trial court erred in denying his motion to suppress. We affirm.

Defendant was charged with DWI after he was stopped and arrested on the evening of September 26, 2009. He filed a motion to suppress in both the criminal and civil suspension cases. A hearing on the motion was held in April 2010. Following the hearing, the trial court denied in most respects the motion to suppress and suspended defendant's license.

In arriving at its decision, the court found that: (1) two state troopers on patrol turned on their cruiser's blue lights to stop defendant after observing his truck cross the center line for a second time; (2) the troopers activated the cruiser's siren when defendant did not pull over immediately; (3) defendant eventually stopped at a T-intersection without getting his truck completely off the traveled portion of the road; (4) as Trooper Wayne Godfrey approached the driver's side of the truck, defendant started to get out of his vehicle; (5) Trooper Godfrey ordered defendant to get back in the truck; (6) detecting an odor of alcohol, Trooper Godfrey asked defendant about his recent alcohol consumption; (7) at some point, defendant told Trooper Godfrey that he had consumed three beers; (8) meanwhile, Trooper Jesse Robson, the senior officer, approached the passenger side of the vehicle and noticed a rifle or shotgun in the truck; (9) Trooper Robson immediately opened the passenger side door and sized the rifle; (10) a second rifle was seized after Trooper Robson noticed clips for a different type of gun than the first one; (11) Trooper Robson told Trooper Godfrey to get defendant out of the vehicle; (12) at some point, Trooper Robson noticed alcohol containers and a cooler in the truck; (13) defendant's lane violations had caused the troopers to be concerned that he was driving while intoxicated; (14) defendant's delay in stopping had also caused the troopers some concern; (15) defendant's attempt to exit the vehicle as the officers approached had caused the troopers some concern based on their safety training; (16) Trooper Robson believed that the firearm in the truck posed some safety risk; and (17) the entire incident from the stop to defendant exiting the vehicle took a minute or two at the most. Based on these findings, the court denied defendant's motion to suppress, except with respect to the alcohol containers that Trooper Robson observed upon entering defendant's truck to seize the first rifle.

Following the court's denial of his motion to suppress, defendant entered a conditional plea of guilty to the criminal charge. On appeal, he argues that: (1) the trial court made incorrect and incomplete findings of fact in its decision; (2) the troopers lacked probable cause to seize the hunting rifles from his truck; (3) the troopers unlawfully ordered him to exit his vehicle; and (4) the exclusionary rule requires suppression of all evidence following the illegal seizure and exit order.

We first examine defendant's challenge to the court's findings. According to defendant, the court's findings of fact are out of sequence in relationship to the videotape evidence. Defendant contends that the two state troopers involved in the stop did not start asking him general questions until after the second of his two rifles was seized. He states that the court failed to specify which trooper seized the second rifle. He notes that Trooper Robson did not testify that he believed the rifle in the truck posed a safety risk, but rather that he was trained to remove weapons as soon as possible for safety reasons. He also complains that Trooper Robson testified to observing defendant's confused speech, heavy odor of intoxicants, and bloodshot eyes, even though the trial court found that he was not in a position to observe details concerning defendant's eyes and odor. Upon review of the record, we conclude that each of defendant's claims of error with regard to the trial court's findings of fact are either incorrect or irrelevant or both.

Defendant neglects to articulate the significance of his claim that the troopers did not ask him general questions until both rifles had been seized; in any event, the videotape and transcript demonstrate that Trooper Godfrey asked about defendant's alcohol consumption before seizing the second rifle. As for defendant's claim that it was critical for the court to identify Trooper Godfrey as the officer who seized the second rifle, he fails to explain why that fact is critical— and it is not obvious to us. Regarding the court's finding that Trooper Robson believed the rifle posed some safety risk, the trooper's subjective motivations are not relevant, see State v. Sprague, 2003 VT 20, ¶ 20, 175 Vt. 123 ("The facts sufficient to justify an exit order need be no more than an objective circumstance that would cause a reasonable officer to believe it was necessary to protect the officer's, or another's, safety or to investigate a suspected crime."); in any event, the finding is consistent with the troopers' testimony that they knew from their training that weapons in a vehicle posed a safety risk. Finally, the court found that Trooper Robson made observations concerning defendant's intoxication, but did not credit the trooper's testimony regarding defendant's eyes and odor. This finding is neither clearly erroneous nor is it relevant to the trial court's or our decision.

We need not address defendant's argument that the troopers lacked probable cause to seize defendant's rifles because we agree with the trial court that, independent of evidence concerning the rifles, Trooper Godfrey had reasonable cause to order defendant from the vehicle based on observed indicia of intoxication. Both troopers observed defendant cross the center line twice, delay in stopping his truck, and then stop on the roadway at a T-intersection. Trooper Godfrey then observed defendant attempt to get out of his truck before he was ordered to do so. Upon approaching defendant's truck, Trooper Godfrey smelled alcohol and observed defendant's confused speech. Upon inquiry about his recent alcohol consumption, defendant eventually told Trooper Godfrey that he had had three beers. Defendant's acknowledgement of alcohol consumption and all of the above observed indicia of intoxication were more than sufficient to justify the exit order and support the trial court's decision to deny, for the most part, defendant's motion to suppress. See, e.g., State v. Young, 2010 VT 97, ¶ 21, ___ Vt. ___ (concluding that strong odor of alcohol and defendant's slurred speech were sufficient indicia of DWI to justify exit order); State v. Mara, 2009 VT 96A, ¶ 12, 186 Vt. 389 (holding that defendant admitting to drinking and officer detecting odor of alcohol and observing defendant's bloodshot and watery

eyes gave rise to reasonable suspicion of driving under the influence).  Further, upon review of the record, we conclude that Trooper Godfrey's "actions and observations were not influenced by the seizure of the firearms or [Trooper] Robson's entry into the vehicle."  Therefore, even if we were to assume there was an illegal entry into defendant's truck to seize his rifles, defendant has failed to meet his burden to prove a causal nexus between the alleged illegal seizure and either the exit order or any of the evidence that resulted in his DWI prosecution and conviction. See State v. Williams, 2007 VT 85, ¶ 10, 182 Vt. 578 (mem.) (holding that defendant has burden to prove causal nexus between alleged illegality and evidence that defendant seeks to suppress).

       Affirmed.

                       BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice